1

American Muslim Preparatory Academy
Meeting February 11, 2015

| Criteria for Approval | Finding | |
|---|---|---|
| 1. Population to be served | • Not in any of the documentation<br>• Slide indicating enrollment process doesn't delineate who will be served by the school<br>• Are there any enrollment requirements? — *entrance efam* | Slide #11 must be more detailed. You've listed the process but not the criteria. |
| 2. Physical Plant/Safety | TBD | |
| 3. Curriculum | • Course descriptions could also list the core literature selections<br>• Assessment strategies and practices not listed | Slide #9 states AP courses but none are in the program of studies - *full defining AP at NEASC* |
| 4. Educational Materials | • No specific educational materials are listed<br>• How will the school integrate the use of technology? | |
| 5. School Staff | • Teacher qualifications<br>• Regular evaluation of staff *provide documentation* | Slide #8 states 'qualified effective teachers' but lacks what defines that<br>What is the evaluation model you will use in the school? |
| 6. Administration | • Okay | |
| 7. Records | • How does the school plan on maintaining records? *Jupiter Ed - on-line* | Slide #11 lists these but you are not specific as to the data base you will use and how you will manage that data base. |
| 8. Student Services | • Missing from the documentation | |
| 9. Financial Support | • Funding sources listed<br>• Tuition missing | Slide # 13 |
| 10. Student Learning Time | • Okay | |
| 11. Student Performance Assessment | • None listed | Please address |

TOWNS RESPONSE TO RPDS 019883

Mass.*Gov*

**State Offices · State A-Z Topics**

*Massachusetts Department of*
*Elementary & Secondary Education*

--Select Program Area--

News    School/D    rt Profiles    School/District Administration    Educator Services    Assessment/Accountability    Family & Community
Administration    Finance/Grants    PK-16 Program Support    Information Services

> Laws & Regulations Home
> State Regulations
> State Laws
> Federal Laws
> Legal Advisories
> Arbitration Awards
> Litigation Reports

## Education Laws and Regulations

### Advisory on Approval of Massachusetts Private Schools Pursuant to Mass. Gen. Laws c. 76, § 1

To:    School Committee Chairpersons, Superintendents of Schools, and Other Interested Parties

From:    Jeffrey M. Nellhaus
Acting Commissioner of Education

Date:    October 2, 2007

School committees and superintendents of schools periodically ask about their responsibilities in approving private schools in their community. This memorandum, which updates and replaces an advisory that the Department of Elementary and Secondary Education published in 1982, provides guidance to local school officials on this issue.

In order to educate students of compulsory school age (6-16) in Massachusetts, a private school, including a school with a religious affiliation, must obtain the approval of the school committee of the city or town in which the school is located. The Massachusetts compulsory school attendance law, General Laws c. 76, § 1, sets the standard by which school committees must evaluate private schools. The pertinent section provides as follows:

> For the purposes of this section, school committees shall approve a private school when satisfied that the instruction in all the studies required by law equals in thoroughness and efficiency, and in the progress made therein, that in the public schools in the same town; but shall not withhold such approval on account of religious teaching . . . .

A private school located in a town is required to seek approval from the school committee of that town, whether or not children from the town attend the school. A school committee's approval under G.L. c. 76, § 1, means that Massachusetts children attending the private school may do so without violation of the compulsory attendance law. School committee approval is neither an evaluation of program quality nor an endorsement of any particular school. The decision to enroll a child in, or to withdraw a child from, a particular private school is one that parents must make.

### Standards for Approval of Private Schools

In order to assist private schools in its district, the school committee should have a written statement of policy and procedures by which it considers and acts upon private school applications for approval. Following are some suggested elements for such a policy. A policy should address:

- the standard for private school approval under G.L. c. 76, § 1 ("equals in thoroughness and efficiency, and in the progress made therein, that in the public schools in the same town.");
- the procedures for school committee approval (application process, timetable, requested documentation, site visits, procedures for periodic review of approval status, etc.);
- other agency approvals that may be required (health, safety, building and fire inspections, etc.);
- the records and materials the school is required to maintain; and
- the criteria for measuring the "thoroughness and efficiency" of private school instruction in such areas as the program of studies and curriculum, student performance assessment procedures, the length of school day and school year, staff distribution and qualifications, textbooks and materials, maintenance of student records, and compliance with applicable federal and state laws.

These guidelines are suggested rather than mandatory; they are intended to assist school committees in developing a private school review process that is open and reasonable. Because G.L. c. 76, § 1, does not specify the manner in which a school committee conducts its review process, school committees are afforded wide discretion in developing their own policies. The only requirement is that a school committee apply its policies and procedures consistently to all private schools located within its jurisdiction.

A sample of factors that a school committee may wish to consider in evaluating the "thoroughness and efficiency" of the instruction offered by a private school is attached. The sample criteria are not mandatory, and the school committee may adopt or amend them in any reasonable way.

### Approval of Private Special Education Schools

In addition to the school committee's approval responsibility, the Department of Elementary and Secondary Education has responsibility under G.L. c. 71B, § 10, to approve private schools that serve Massachusetts students with disabilities at public expense. That responsibility is further defined in the Massachusetts Special Education Regulations (603 CMR 28.00) and the Regulations on Program and Safety Standards for Approved Public or Private Day and Residential Special Education School Programs (603 C.M.R. 18.00) adopted by the Board of Education. The Department of Elementary and Secondary Education conducts an extensive review of private schools that apply for such approval, including their curriculum, physical facilities, personnel, and administration. Approval by the Department of Elementary and Secondary Education authorizes the private special education school to enroll students with disabilities at public expense.

2/11/2015

Neither the school committee nor the Department of Elementary and Secondary Education may delegate to the other its own statutory function for approving private schools. By regulation, the Department may not approve a private school to serve publicly funded students with disabilities under G.L. c. 71B, §10, unless the private school has received approval by the local school committee pursuant to G.L. c. 76, § 1. Notwithstanding the distinction between the two approval functions, the Department recognizes that the programs offered by some private special education schools are so specialized that it is difficult for the local school committee to assess the equivalency of the programs to those offered in the public schools. Therefore, with respect to private special education schools, the school committee has a choice. The school committee may choose to perform its own evaluation of the school in accordance with G.L. c. 76, § 1, and reasonable standards set by the school committee; or the school committee may designate a public school representative, preferably a special educator, to participate in the Department of Elementary and Secondary Education's site visit review of the private school program and grant or deny local approval to the school based on the information obtained from the joint site visit. This allows the school committee to retain its independent statutory approval function while utilizing the special education expertise of the Department of Elementary and Secondary Education in evaluating the private school program. A school committee wishing to participate in the Department's site visit review of a private school should contact the Department's Program Quality Assurance Services unit ("PQA") at: (781) 338-3700, or consult the PQA website.

## Frequently Asked Questions and Answers

1.  **does the Department of Elementary and Secondary Education or any other state agency have responsibility for approving private schools for purposes of the compulsory school attendance law?**

    No. The responsibility to consider and act upon private school applications for approval rests solely with local school committees under G.L. c. 76, § 1. The New England Association of Schools and Colleges has a program for accrediting private schools. Obtaining such accreditation, however, is voluntary and does not substitute for the approval of the local school committee required by state law.

2.  **If a school committee does not approve a private school, may the private school still operate as a school for Massachusetts students of compulsory school age?**

    No; at least not for regular attendance purposes. G.L. c. 76, § 1, the Massachusetts compulsory school attendance law, requires private schools to obtain the prior approval of the local school committee. Thus, attendance by a Massachusetts student between the ages of 6 and 16 at a private school operating without such approval would not fulfill the requirements of the Massachusetts compulsory school attendance law, and the student would be considered truant.

3.  **does a private education program providing only after-school services (e.g., academic tutoring or language immersion) require approval by the school committee under G. L. c. 76, § 1?**

    No. School committee approval is needed for compulsory attendance purposes and, therefore, is required only for regular day school programs. School committee approval under G.L. c. 76, § 1 is not required for privately operated programs that provide educational or tutoring services to students after school.

4.  **May a private school appeal a school committee's decision not to approve a private school to the Department of Elementary and Secondary Education?**

    No. The Department of Elementary and Secondary Education does not have jurisdiction over local private school approvals. Under G.L. c. 76, § 1, private schools are approved by the school committee of the town in which the private school is located. A private school that disputes a school committee's or superintendent's decision may ask the school committee to review the matter. If the private school has a legal claim regarding the approval process or standards, it may have some judicial recourse.

5.  **Must private schools meet the 900/990 hours and 180 school days minimum standards of the Board of Education's regulations on Student Learning Time as a requirement for approval?**

    The Student Learning Time regulations, as such, do not apply to private schools. The stated purpose of the regulations is "to ensure that every public school in the Commonwealth provides its students with the structured learning time needed to enable the student to achieve competency in 'core subjects' and 'other subjects.' 603 C.M.R. 27.01(2). Therefore, while the school committee may consider the total student learning time and length of the school year at a private school in determining whether the school's program meets the statutory standard of "thoroughness and efficiency," these factors are not required for approval.

    NOTE: Private special education schools that are approved by the Department to provide services to publicly funded students with disabilities are subject to state regulations on minimum school hours and school days. In addition, unapproved private special education schools in which publicly funded students are placed pursuant to 603 CMR 28.06(3)(e) because an appropriate approved school cannot be identified must adhere to state regulations on minimum school hours and school days for those particular students.

6.  **Once a school is approved, is the approval subject to renewal or periodic review?**

    Although not required by statute, school committees are encouraged to adopt a private school approval policy that incorporates a periodic review of previously approved schools. School committees may also adopt a policy under which approval is valid until substantial changes are made in the private school's program, at which point the private school must seek re-approval.

7.  **To what extent may a school committee be liable for damages incurred by a private school student, by virtue of its approval of a private school?**

    The approval function that G.L. c. 76, § 1, imposes upon school committees is fairly limited. Thus, as long as a school committee acts reasonably and in good faith in carrying out its statutory approval function, its potential

**TOWNS RESPONSE TO RPDS 019885**

liability is minimal. It would be advisable to make clear in school committee policy and procedures, deliberations and votes on private school approval, as well as in correspondence with interested parties about a particular private school, just how limited the school committee's responsibility is under G.L. c. 76, § 1.

8. **Are any of the state mandates applicable to public schools made applicable to private schools by the phrase, "when satisfied that the instruction in all the studies required by law equals in thoroughness and efficiency, and in the progress made therein, that in the public schools in the same town?"**

Various state laws set forth the subjects that public schools teach. See, for example, G.L. c. 71, §§ 1, 2 and 3; G.L. c. 69, § 1D. Generally, the "thoroughness and efficiency" language in G.L. c. 76, § 1, should not be interpreted as extending particular public school mandates regarding instruction and curriculum to private schools.

9. **May a private school seek approval if its students are not residents of the town in which the school is located?**

A private school located in a town is required to seek approval from the school committee of that town, irrespective of whether children from the town attend the school.

10. **Should a private school provide notification to the school committee prior to closing?**

Yes. The private school should provide notice in a timely manner to the school committee from which it received approval pursuant to G.L. c. 76, § 1. In addition, once it has ceased operation, G.L. 71, § 34G requires the owner or administrator of the school to transfer transcripts of all students and former students to the Department of Elementary and Secondary Education, except for students who are transferring to another public or private educational institution. In that case, the private school must transfer the student's records to the school that the student will be attending.

11. **Should a school committee notify the Department of Elementary and Secondary Education when it approves or disapproves a private school?**

Yes. Although the Department of Elementary and Secondary Education does not review, monitor, or investigate school committee decisions regarding private school approval, it does require school committees to report such information to the Department. The attached link contains the form upon which school committees are requested to report the approval status of private schools within their jurisdiction: www.doe.mass.edu/infoservices/data/diradmin/new_private.doc . The form requires the school committee to confirm that it has approved the private school, the date which the private school commenced operation, and other basic information, such as the school's street and e-mail addresses. The Department must collect and track this information for purposes of the various federal grant funds that it distributes to private schools.

In addition, the school committee should timely notify the Department of Elementary and Secondary Education if it has decided not to re-approve, or has revoked approval of, a private school, or if the school has closed. It is important for the Department to receive this information promptly, especially if the private school at issue has a special education program that the Department has approved for placement of publicly-funded students with disabilities.

The Department will refer inquiries regarding the approval status of a particular private school to the superintendent of the district in which that school is located.

12. **May a school committee delegate its authority to approve or disapprove a private school to the superintendent or another school administrator?**

No. Under G.L. c. 76, § 1, only the school committee has the authority to approve or disapprove a private school. However, the school committee may designate the superintendent or another school administrator to visit the private school, review relevant documentation and make a recommendation on approval to the school committee. The school committee may then vote to approve or disapprove the private school based on the superintendent's recommendation.

## Sample Criteria for Approval of a Private School by a School Committee

**1) Population To Be Served**

Admissions criteria; documentation of school's enrollment

*[handwritten: Slide 11 needs to be more detailed. you've listed the process but not the criteria]*

**2) Physical Plant/Safety** — TBD

A. The school shows evidence of current:

 i) Certificate of Occupancy
 ii) Fire inspection
 iii) Safety inspection
 iv) Elevator inspection, if applicable
 v) Compliance with lead paint poisoning prevention (for children under 6 years old)
 vi) Compliance with other applicable federal and state health and safety standards (e.g., PCB, asbestos inspections, handicap accessibility)
 vii) Copies of valid safety and health inspection certificates

B. The site, plant, and equipment adequately support the program and are operated to ensure the safety and health of the students.

**3) Curriculum**

TOWNS RESPONSE TO RPDS 019886

The curriculum offered is "equivalent" to that offered in the local school system generally and, specifically, in terms of the following instructional areas:

*Course descriptions* ✓

i) mathematics
ii) science and technology
iii) history and social science
iv) English
v) foreign languages
vi) the arts
vii) physical education

*Slide #9 AP course not in the course descriptions*

**4) Educational Materials**

*Missing*

Textbooks and individual instructional materials, including computers and other technology, are adequate.

**5) School Staff**

The instruction provided is "thorough and efficient" based on:

*Qualified effective teachers    Slide #8*

i) teacher qualifications
✓ii) adequate student/teacher ratio
iii) regular evaluation of staff — *model of evaluation*
✓ iv) the school principal reviews criminal offender record information (CORI) of current and prospective employees and volunteers, as required by law

**6) Administration**

✓The school has a clearly defined organization that facilitates its objectives.

**7) Records**

A. The school maintains an adequate system of student records (e.g., attendance, health, discipline, progress reports). *Record keeping system ? How will you manage this*

B. The student records are kept in a secure and organized manner that is consistent with federal and state student record laws to the extent applicable.

✓C. The school maintains and timely provides transcripts in response to requests of students and former students in accordance with G.L. c. 71, § 34A.

*Slide #11*

D. The school is prepared efficiently to transfer transcripts of all students and former students to the Massachusetts Department of Elementary and Secondary Education and/or other schools should it cease operation, in accordance with G.L. c. 71, § 34G. *Needs more explanation*

**8) Student Services**

The school provides adequate pupil personnel services for all students (e.g., health care procedures, guidance and counseling programs, discipline policy).

**9) Financial Support**

A. The school provides evidence of financial solvency and resources to sustain the educational program.

B. The school presents documentation of its legal status. These may include copies of the articles of incorporation and the certification of tax exempt status. *?*

**10) Student Learning Time**

The school provides adequate student learning time (length of school year and school day) and hours of instruction in each subject. ✓

**11) Student Performance Assessment**

The school periodically evaluates students' skills, competencies, and knowledge and documents their progress. *Not stated*

Last Updated: October 3, 2007

Massachusetts Department of
Elementary & Secondary Education

Search · Site Index · Policies · Site Info · Contact ESE

American Muslim Preparatory Academy
Meeting February 11, 2015

| Criteria for Approval | Finding | |
|---|---|---|
| 1. Population to be served | • Not in any of the documentation<br>• Slide indicating enrollment process doesn't delineate who will be served by the school<br>• Are there any enrollment requirements? | Slide #11 must be more detailed. You've listed the process but not the criteria. |
| 2. Physical Plant/Safety | TBD | |
| 3. Curriculum | • Course descriptions could also list the core literature selections<br>• Assessment strategies and practices not listed | Slide #9 states AP courses but none are in the program of studies |
| 4. Educational Materials | • No specific educational materials are listed<br>• How will the school integrate the use of technology? | |
| 5. School Staff | • Teacher qualifications<br>• Regular evaluation of staff | Slide #8 states 'qualified effective teachers' but lacks what defines that<br>What is the evaluation model you will use in the school? |
| 6. Administration | • Okay | |
| 7. Records | • How does the school plan on maintaining records? | Slide #11 lists these but you are not specific as to the data base you will use and how you will manage that data base. |
| 8. Student Services | • Missing from the documentation | |
| 9. Financial Support | • Funding sources listed<br>• Tuition missing | Slide # 13 |
| 10. Student Learning Time | • Okay | |
| 11. Student Performance Assessment | • None listed | Please address |

**TOWNS RESPONSE TO RPDS 019888**

American Muslim Preparatory Academy
Meeting February 11, 2015

| Criteria for Approval | Finding | |
|---|---|---|
| 1.    Population to be served | • Not in any of the documentation<br>• Slide indicating enrollment process doesn't delineate who will be served by the school<br>• Are there any enrollment requirements? | Slide #11 must be more detailed. You've listed the process but not the criteria. |
| 2.    Physical Plant/Safety | TBD | |
| 3.    Curriculum | • Course descriptions could also list the core literature selections<br>• Assessment strategies and practices not listed | Slide #9 states AP courses but none are in the program of studies |
| 4.    Educational Materials | • No specific educational materials are listed<br>• How will the school integrate the use of technology? | |
| 5.    School Staff | • Teacher qualifications<br>• Regular evaluation of staff | Slide #8 states 'qualified effective teachers' but lacks what defines that<br>What is the evaluation model you will use in the school? |
| 6.    Administration | • Okay | |
| 7.    Records | • How does the school plan on maintaining records? | Slide #11 lists these but you are not specific as to the data base you will use and how you will manage that data base. |
| 8.    Student Services | • Missing from the documentation | |
| 9.    Financial Support | • Funding sources listed<br>• Tuition missing | Slide # 13 |
| 10.  Student Learning Time | • Okay | |
| 11.  Student Performance Assessment | • None listed | Please address |

**TOWNS RESPONSE TO RPDS 019889**

## Duclos, Nancy

| | |
|---|---|
| **From:** | Duclos, Nancy |
| **Sent:** | Wednesday, January 07, 2015 2:12 PM |
| **To:** | 'z5witherspoon@gmail.com' |
| **Cc:** | DeLorenzo, Dee |
| **Subject:** | American Muslim Preparatory Academy Private School Proposal |

Dear Ms. Witherspoon,

I have read the brief overview for the American Muslim Preparatory Academy and the course summaries but need to alert you to the guidelines set forth by the Massachusetts Department of Elementary and Secondary Education. I have included the link http://www.doe.mass.edu/lawsregs/advisory/100207privateschool.html that outlines what the standards are for all potential private schools to present prior to approval. Please contact my administrative assistant to set that appointment so we may review the standards together and to ensure that you have a complete understanding of what needs to be in your formal proposal.

Respectfully,
Nancy A. Duclos

*Nancy A. Duclos,* PhD
Andover Public Schools
Assistant Superintendent for Learning and Teaching
978.623.8506

Not opposed - not sure if application was w/d.

1

TOWNS RESPONSE TO RPDS 019890