# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

The following is a Settlement Agreement and General Release (the "Agreement") executed by the Plaintiff, Fusion Learning, Inc., on its own behalf and on behalf of its predecessors, successors, assigns, parent and subsidiary entities, and any and all of its other past, current, and future related entities (the "Plaintiff"), and by the Andover School Committee (the "Andover School Committee") and the Town of Andover (the "Town") (collectively, the "Defendants"), on their own behalf and on behalf of their predecessors, successors, related entities, and all of their current and former respective officers, committee members, board members, elected and appointed officials, directors, employees, agents, servants, representatives, and attorneys, as well as MIIA Property & Casualty Group, Inc. ("MIIA"), and MIIA's related entities and MIIA's current and former officers, directors, employees, officials, servants, insurers, reinsurers, claims administrators, including but not limited to Cabot Risk Strategies LLC, adjusters, representatives, agents, predecessors, successors, attorneys, and assigns (all of the foregoing, collectively, the "Releasees"). For purposes of this Agreement, the Plaintiff and the Defendants will be collectively referred to as the "Parties."

**WHEREAS**, the Plaintiff has asserted claims against the Defendants, alleging civil rights violations including a violation of the Equal Protection Clause and the Due Process Clause arising from the Andover School Committee's denial of its applications to operate a private school in the Town of Andover;

**WHEREAS**, the Defendants have denied these claims and continue to deny that they engaged in any conduct violative of the Plaintiff's constitutional rights or otherwise caused the Plaintiff to suffer damages;

**WHEREAS**, the Parties now wish to settle and resolve any and all disputes existing between them;

**NOW, THEREFORE**, the Parties intending to be legally bound hereby, agree as follows:

1.    Settlement Consideration.

In consideration of the terms of this Agreement, including the release set forth below in Section 3, the Defendants will issue a settlement payment to the Plaintiff in the amount of $2,500,000.00 (the "Settlement Payment"). The Settlement Payment shall be made payable to Fusion Learning Inc. by wire transfer pursuant to written instructions provided by Plaintiff's counsel and shall be made within thirty (30) days after counsel for the Defendants receive a copy of this Agreement signed by the Plaintiff; and a Form W-9 to be provided by Plaintiff's counsel. Plaintiff will be issued any required IRS Form 1099.

It is expressly understood and agreed by Plaintiff that neither the Defendants, nor their attorneys, agents, or representatives have provided any advice, guarantees or assertions to Plaintiff as to the tax consequences of this settlement and that Plaintiff must rely upon and seek the advice of others with respect to the tax consequences of the settlement described herein.

1

2.    Stipulation of Dismissal.

Upon Plaintiff's receipt of the Settlement Payment from or on behalf of the Defendants, Plaintiff's counsel shall file a Stipulation of Dismissal in the United States District Court for the District of Massachusetts in the matter of *Fusion Learning, Inc. v. Andover School Committee*, C.A. NO. 1:21-cv-11059-MJJ (the "Lawsuit"), dismissing all claims and requests for relief against the Defendants in the Lawsuit which were raised or which could have been raised in the Lawsuit, with prejudice and without legal fees, costs, or expenses, whether by statute or otherwise, and waiving all rights of appeal.

3.    Release.

In consideration of the terms of this Agreement, including the covenants of the Defendants set forth below in Section 13, the Plaintiff, on its own behalf and on behalf of its personal representatives, subsidiaries, parent companies, heirs, privies, executors, administrators, and assigns, predecessors, successors, and any and all of its other past, current, and future related entities, and anyone claiming any benefit or right by or on its behalf, hereby releases, waives, and forever discharges the Releasees from any and all claims, actions, debts, claims, counterclaims, complaints, contracts, agreements, promises, liabilities, suits, damages, attorney's fees, court costs, judgments, causes of action, or obligations of whatever nature, kind, or character, known or unknown, suspected or unsuspected, whether in law, equity, contribution, indemnification, tort, contract, subrogation, claims under Massachusetts General Laws Chapter 93A and Chapter 176D, or otherwise denominated or described, which it ever had or now has, against each of the Releasees, from the beginning of time to the date of the Release, including without limitation all claims that were or could have been asserted in the Lawsuit and all damages, of any nature, that were or could have been sought or recovered in the Lawsuit, whether by statute or otherwise.

Notwithstanding the foregoing, this release does not apply to (i) any obligations arising under this Agreement, including any claim for breach, or (ii) claims arising from acts or omissions occurring after the effective date of this Agreement. In any action to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

4.    No Admission of Liability.

This Agreement and the promises and other covenants made hereunder are made to compromise disputed claims and are made without admission or inference whatsoever of any liability, wrongdoing, or fault relative to any civil rights violation, tort, breach of contract, or violation of any statute or law, or wrongdoing of any kind on the part of any Party and are not an admission or finding that any claims that were or might have been brought in the Lawsuit are in any way valid or meritorious.

5.    Agreement is Legally Binding.

The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, predecessors, subsidiaries, parent companies,

2

assigns, executors, administrators, heirs, estates, and any and all of their other past, current, and future related entities.

6.    Entire Agreement.

This Agreement constitutes the entire agreement and understanding of the Parties and supersedes any prior representations, understandings, or agreements, oral or written, express or implied, with respect to the matters addressed herein. There are no other written or oral agreements, understandings, or arrangements with respect to the matters addressed herein except as expressly set forth herein. Furthermore, no modifications of this Agreement shall be binding unless in writing and signed by each of the Parties hereto.

The invalidity of any provision contained in the Agreement shall not affect the validity of any other provision.

7.    Full Accord and Satisfaction.

This Agreement is in full accord and satisfaction of all claims, known or unknown, that were or might have been brought in the Lawsuit. The consideration stated in this Agreement is all that Plaintiff, and anyone claiming by or through it, will ever receive from or on behalf of the Defendants with regard to the claims released herein. The Parties agree that the provisions of the Agreement constitute a fair, reasonable, and adequate settlement and a binding determination of the Parties' respective rights and obligations.

8.    Reliance on Own Counsel.

In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that the terms of this Agreement are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in accepting the terms of this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to this subject matter, fairness, or effect of this Agreement or otherwise.

9.    Counterparts.

This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A copy of this Agreement shall be enforceable to the same extent as an original, and a signed Agreement transmitted electronically as a PDF file via electronic mail or facsimile shall be enforceable to the same extent as a signed original.

10.    Governing Law.

3

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts and shall be binding upon, and shall inure to the benefit of, the representatives, executors, administrators, heirs, successors, and assigns of the Parties hereto.

11.    Voluntary Execution.

Plaintiff acknowledges that it is executing the release in this Agreement voluntarily, that it fully understands the terms of the release, that the execution hereof is with the full knowledge that the release covers all possible claims and damages against the Releasees that were or could have been sought or recovered in the Lawsuit, and that it had an opportunity to consult with independent counsel of its choice with respect to the terms, execution, and legal effect of the release.

12.    Construction.

This Agreement shall be construed without regard to the identity of the Party who prepared it and as if the Parties jointly prepared the Agreement and it shall be deemed their joint work product. Any uncertainty or ambiguity shall not be interpreted against any one Party, and any rule of construction that a document is to be construed against the drafting Party shall not be applicable. All of the statements herein, without limitation, are deemed to be contractual obligations, and not mere recitals.

13.    Future Applications Under G.L. c. 76, § 1.

Since Fusion intends to apply again for approval to operate under G.L. c. 76, § 1, the Andover School Committee shall, pursuant to Andover School Committee Policy LBC, review Fusion's application and any other materials Fusion wishes to submit in support of its application, in good faith and take all actions within its lawful authority that are reasonably necessary to ensure an open, cooperative, and iterative review process that is fair and transparent. Should any deficiencies be perceived by the Superintendent and/or the Assistant Superintendent assigned to review the application and make a recommendation to the School Committee, the Superintendent shall identify such deficiencies with reasonable specificity and shall schedule a conference among the Superintendent, the Assistant Superintendent designated to conduct the review, if any, Town Counsel and/or Counsel of the School Committee's choosing and Fusion for the purpose of discussing such deficiencies and identifying reasonable means by which Fusion may address them prior to a recommendation being made to the School Committee.

If the School Committee, at any meeting prior to its final determination on the application, identifies concerns that could reasonably form the basis for denial of Fusion's application, it will refer the matter back to the Superintendent for a conference as described above to afford Fusion a reasonable opportunity to address such concerns before the School Committee makes its final determination. Nothing in this agreement shall be deemed as a waiver of the School Committee's discretion and authority to consider and vote upon Fusion's application in an open meeting of the School Committee after providing Fusion a reasonable opportunity to address deficiencies identified by the School Committee with respect to its application.

4

Notwithstanding the foregoing, nothing in this Agreement shall be construed as a promise or guarantee that the School Committee will approve Fusion's application upon the School Committee's final vote.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Plaintiff and Defendants have caused this Agreement to be executed.

THE PLAINTIFF,
Fusion Learning, Inc.

By:
E-SIGNED by Dave Martin
on 2026-05-22 16:25:27 GMT

David G. Martin
Chief Financial Officer
May __, 2026

May 22, 2026

THE DEFENDANTS,
Andover School Committee

By:

Shauna Murray
Chair – Andover School Committee
May ___, 2026

Town of Andover

By:

Ellen Townson
Chair – Andover Select Board
May ___, 2026

Notwithstanding the foregoing, nothing in this Agreement shall be construed as a promise or guarantee that the School Committee will approve Fusion's application upon the School Committee's final vote.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Plaintiff and Defendants have caused this Agreement to be executed.

THE PLAINTIFF,
Fusion Learning, Inc.

By:

_____
David G. Martin
Chief Financial Officer
May __, 2026

THE DEFENDANTS,
Andover School Committee

By:

Shauna Murray
Chair – Andover School Committee
May 22, 2026

Town of Andover

By:

Ellen Townson
Chair – Andover Select Board
May 22, 2026

5